IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LOUD RECORDS LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ROBERTO SANCHEZ,<br><br>　　　　Defendant. | No. CV 05-695-TUC DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Presently pending before the Court are Plaintiffs' Motion to Dismiss Without Prejudice (Doc. No. 33) and Plaintiffs' Motion to Strike or, in the Alternative, to Dismiss Counterclaims (Doc. No. 44); and Defendant's Motion for Order to Show Cause as to Why Plaintiffs' Counsel Should Not Be Disciplined for Violating FRAP 36-3 (Doc. No. 52).

　　　　For reasons which follow, the Magistrate Judge recommends that the District Court grant Plaintiffs' Motion to Dismiss Without Prejudice (Doc. No. 33), and grant Plaintiffs' Motion to Strike or, in the Alternative, to Dismiss Counterclaims (Doc. No. 44) and deny Defendant's Motion for Order to Show Cause as to Why Plaintiffs' Counsel Should Not Be Disciplined for Violating FRAP 36-3 (Doc. No. 52).

**I.　PROCEDURAL BACKGROUND**

　　　　Plaintiffs filed a Complaint against Defendant Roberto Sanchez on November 17, 2005. Mr. Sanchez filed an Answer to the complaint on January 4, 2006, and Court issued a Scheduling Order in the case on April 26, 2006. In September 2006, the Court granted a

motion, stipulated to by both parties, to extend the deadline to file motions to amend the complaint; Plaintiffs filed such a motion in November, 2006.

On April 9, 2007, the Court signed the order granting Plaintiffs' leave to file the Amended Complaint, adding Plaintiff Norma Sanchez as a Defendant. Due to delays in docketing, the April 9, 2007 Order was not actually docketed until April 11, 2007.

On April 10, 2007, Plaintiffs submitted a "Notice of Withdrawal of Motion for Leave to File Amended Complaint and Extend Deadlines." (Doc. No. 32.) In addition, Plaintiffs filed a "Motion to Dismiss Without Prejudice and Memorandum In Support Thereof." (Doc. No. 33) Plaintiffs also filed, that same date, a Complaint naming Norma Sanchez as sole Defendant in a case in which Plaintiffs have since obtained a default judgment on a claim of Infringement of Copyrights in the amount of $26,250.00 for damages and $490.00 for costs. (See CV 07-0166-TUC-CKJ-BPV)

On April 11, 2007, Mr. Sanchez filed an Answer to the First Amended Complaint and Counterclaims asserting two counts: Declaratory Judgment for Non-Infringement, and Prima Facie Tort. (Doc. No. 37)

On April 18, 2007, the Court held a status conference to discuss the status of the Amended Complaint and pending motions. The Court stipulated to the transfer of the related case (which had been originally assigned to Magistrate Judge Pyle), and ordered that the Court would set a hearing to resolve the outstanding matters after they had been fully briefed.

On May 11, 2007, Defendant Roberto Sanchez filed a Motion to Strike Plaintiffs' "Motion to Dismiss Without Prejudice" as untimely and moot. (Doc. No. 33) The motion has been fully briefed (Doc. No. 46 & 49) and was heard by the Court on September 10, 2007.

On May 21, 2007, Plaintiffs filed a Motion to Strike, or in the Alternative, to Dismiss Counterclaims. (Doc. No. 44) This motion has also been fully briefed (Doc. Nos. 50 & 58) and was heard by the Court on September 10, 2007.

On May 23, 2007, Plaintiffs filed a notice of party dismissal, voluntarily dismissing Norma Sanchez from the action without prejudice.

On June 8, 2007, with a corrected electronic entry on June 11, 2007, Defendants filed a Motion for Order to Show Cause as to Why Plaintiffs Counsel Should Not Be Disciplined for Violating FRAP 36-3, Federal Rules of Appellate Procedure for the Ninth Circuit. (Doc. No. 52) This motion has also been fully briefed (Doc. No. 57 & 59) and was heard by the Court on September 10, 2007.

On October 30, 2007, the Magistrate Judge denied Defendant's Motion to Strike Plaintiffs' "Motion to Dismiss Without Prejudice" (Doc. No. 43) and granted the parties additional time to complete further briefing of the Motion to Dismiss (Doc. No. 43).

On November 19, 2007, Defendant Roberto Sanchez filed a response in Opposition to Plaintiffs' Motion to Dismiss (Doc. No. 65), and, on December 7, 2007, Plaintiff submitted a reply (Doc. No. 66).

**II.    DISCUSSION**

A.    <u>Plaintiffs' Motion to Dismiss Without Prejudice</u>

*1.    Plaintiffs' Position*

Plaintiffs move to dismiss, without prejudice, pursuant to Rule 41(a)(2), asserting that dismissal is proper under the circumstances as Plaintiffs had a reasonable basis for bringing the action initially and have litigated the action in good faith, without improper motive or intent.

*2.    Defendant's Position*

Defendant asserts that it is illogical to dismiss this case without prejudice because Plaintiffs have already obtained judgment against a third party Norma Sanchez, and thus are collaterally estopped from relitigating against Defendant Roberto Sanchez. Defendant asserts that the case must be dismissed with prejudice, and Defendant Roberto Sanchez must be treated as the prevailing party in this action.

*3.     Statement of Facts*

On October 13, 2004, Plaintiffs discovered an individual with the screen name "npink@fileshare" using the iMesh online media distribution system over a peer-to-peer ("P2P") network to distribute music files freely to other people on the Internet who use P2P networks. Plaintiffs believed that this individual had previously downloaded all or many of these sound recordings without the permission of the record company copyright owners, and brought a "John Doe" action against the individual owner of the Internet Protocol ("IP") address used to connect to the Internet and perform the illegal copying and infringing activity. After a federal court order was obtained, it was determined that Defendant Roberto Sanchez was the individual to whom the IP address at issue was registered.

Plaintiffs initially contacted Defendant by sending him a letter in an attempt to resolve the matter, and the parties engaged in settlement discussions. Settlement discussions failed, and Plaintiffs filed the instant action on November 17, 2005. Discovery began, and in response to Plaintiffs' interrogatory regarding who conducted the infringing activities, Defendant claimed insufficient information to respond, but denied personal involvement. Plaintiffs proceeded with depositions of Defendant and the members of his household, all of whom denied liability for the infringing activity.

During depositions, Defendant denied using the Internet on his computer, but his wife and son testified that he did use the Internet on his computer. Plaintiffs asked the witnesses whether any family member would choose pink as a favorite color, Defendant, Bilha Sanchez and Norma Sanchez all said "No." Norma Sanchez affirmatively denied any knowledge of or liability for the infringing activity that took place under the username "npink@fileshare."

A forensic analysis of the hard drive of Defendant's computer revealed the presence of a significant amount of infringing material. In October 2006, Plaintiffs located an online profile for Norma Sanchez, with photos, where she stated "I love pink". Plaintiffs assert this directly contradicts Ms. Sanchez's testimony and link her to the "npink@fileshare" username used to infringe Plaintiffs' copyrights.

Plaintiffs assert that they began efforts at resolving this matter in August, 2006, and increased those efforts in October 2006 in light of the new evidence linking Norma to the infringement. During these discussions, Plaintiffs made clear their desire to enter into a global settlement with Defendant and any other household members responsible for the infringement, including Norma. Alternatively, Plaintiffs advised counsel for Defendant that they would seek to add Norma Sanchez as a Defendant and, after limited discovery to clear up discrepancies among the deposition testimony and between the deposition testimony and the computer examination, would be amendable to dismissing their claims against Defendant. Plaintiffs claim that on each occasion that the parties spoke between October 2006 and March 2007, Defendant's counsel informed Plaintiffs that he was not able to communicate with Defendant, and therefore, could not state whether Defendant was interested in resolving this action through a global settlement.

In November 2006, Plaintiffs assert that Defendant's counsel suggested that a motion by Plaintiffs seeking to add Norma Sanchez as a Defendant might prompt Defendant to make contact, thereby facilitating conversations regarding a resolution of the matter either as to members of the household, or as to Defendant individually. As a result, on November 13, 2006, Plaintiff filed a motion to amend the complaint to add Norma Sanchez as a Defendant.

Because Plaintiffs' efforts to resolve the matter failed, Plaintiffs decided to pursue their claims against Norma Sanchez in another action. Accordingly, Plaintiffs filed a notice of withdrawal of their motion for leave to amend to add Norma Sanchez as a Defendant to this action, contemporaneous with this Motion to Dismiss.

*4.     The Motion to Dismiss Should be Granted*

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. The rule provides in pertinent part:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper.

*Fed.R.Civ.P.* 41(a)(2).

"A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Amer. v. Armilla Int'l. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). The district court abuses its discretion when "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir.1993).

The Ninth Circuit has instructed that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches* 263 F.3d 972, 975 (9th Cir. 2001)."[L]egal prejudice"is defined as "prejudice to some legal interest, some legal claim, some legal argument..." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). "[U]ncertainty because a legal dispute remains unresolved is not legal prejudice." *Id.* Legal prejudice, however, does "not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone*, 679 F.2d 143, 145 (9th Cir.1982).

For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense, or when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud. *Westlands Water Dist.*, 100 F.3d at 97 (citations omitted).

No stipulation for dismissal has been filed in this case. See Fed.R.Civ.P. 41(a)(1). Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should

grant Plaintiffs' motion unless Defendant will suffer legal prejudice thereby.  *See Smith*, 263 F.3d at 975.

Defendant does not oppose the motion to dismiss on the basis that Defendant would be legally prejudiced should the Court grant the motion to dismiss.  Under the circumstances apparent to this Court, the Court concludes that Defendant would not be legally prejudiced by the dismissal of this action, and accordingly, recommends that the motion to dismiss be granted.

     5.     *The Motion to Dismiss Should be Granted Without Prejudice*

The purpose of the voluntary dismissal rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal.  *Stevedoring Servs. of Amer.*, 889 F.2d at 921.  While a dismissal under Rule 41(a)(2) is ordinarily without prejudice, a district court may exercise its discretion to dismiss a case with prejudice to ensure that the dismissal causes no legal prejudice.  *See Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001).

Defendant contends that because Plaintiffs have already obtained a judgment against Norma Sanchez, for the exact same allegations and operative facts that Plaintiffs allege against Defendant Roberto Sanchez, Plaintiffs are collaterally estopped from bringing this case against Defendant Roberto Sanchez, and thus, the case against Defendant Sanchez must be dismissed *with* prejudice, and Defendant Sanchez must be treated by the Court as the prevailing party in this case, and should be awarded his reasonable costs and attorney's fees.

On June 14, 2007, Plaintiffs in this case filed an Amended Complaint in a separate action against Defendant Sanchez's daughter, Norma Sanchez, seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States for sound recordings attached to the Amended Complaint as Exhibit A.  *See Loud Records et al. v. Norma Sanchez*, Case No. 4:07-CV-00166-CKJ-BPV (Doc. No. 10)   Default judgment was entered with regard to those sound recordings listed in Exhibit A.  *Id.* at Doc. No. 19.

Those sound recordings were a sampling of 35 sound recordings, out of approximately 507 total recordings potentially at issue in the present case. *See* Complaint, Ex. B.

There are numerous reasons why collateral estoppel, or issue preclusion, would not prevent Plaintiffs from relitigating this action against Defendant. Issue preclusion bars the relitigation of issues actually adjudicated in previous litigation between the same parties or their privies. *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 910 (9th Cir. 1997) (citations omitted) The doctrine of collateral estoppel, or issue preclusion, can apply to preclude relitigation of both issues of law and issues of fact only if those issues were conclusively determined in a prior action. *Steen, id. (quoting United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71,(1984)).

Defendant was not a party to the litigation which he now claims has preclusive effect. Nor is it evident from the pleadings in either case, nor does Defendant claim that, he is in privity with Norma Sanchez. There was no necessity for the issue of Defendant's liability for infringement of Plaintiffs' copyright claims to be decided in the case against Norma Sanchez.

Neither has it been demonstrated that the claims decided in the case against Norma Sanchez are conclusive of all claims asserted in this case against Defendant, as the case against Norma Sanchez involved only 35 of a possible 507 songs which may have been the subject of additional claims of infringing activity by Defendant alleged by Plaintiffs.

Additionally, issue preclusion attaches only "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Restatement (Second) of Judgments* § 27, p. 250 (1982).[1]  In the case of a

---

[1] The Ninth Circuit has long relied upon the Restatement of Judgments to "mark[] the way through this murky area." *See Starker v. U.S.*, 602 F.2d 1341, 1344 (9th Cir. 1979); *Kamilche Co. v. U.S.*, 53 F.3d 1059, 1062 (9th Cir. 1995); *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, n.3 (9th Cir. 1997).

judgment entered by confession, consent, or default, none of the issues is actually litigated ..." *Id.*, comment e, at 257.

Finally, Plaintiffs assert that joint and several liability is available in the copyright context such that more than one individual can be held liable for infringing acts, pursuant to 17 U.S.C. § 504(c)(1). Plaintiffs' argue that discovery of evidence that supports a finding of direct liability with regard to Norma Sanchez does not preclude the same finding with regard to Defendant.

This argument is more tenuous. Plaintiffs have repeatedly stated that as soon as they became aware that Defendant was not the "direct infringer," they acted in good faith to dismiss him from the case, and characterized their claim against Defendant, following discovery implicating Norma Sanchez as the direct infringer, as a "potential secondary infringer." (Motion to Dismiss Without Prejudice, p.3.) While theoretical arguments can be made for the vicarious or contributory liability of Defendant, in this Circuit, anyway, this Court is not aware of any successful case brought against a parent for the infringing acts committed by a member of the parent's household.

Defendant, however, makes no other showing of especially aggravating legal prejudice that would result from dismissal of this case, and would require a dismissal with prejudice. Accordingly, the Magistrate Judge recommends that Plaintiffs' Motion to Dismiss Without Prejudice be granted.

   *6.*  *Terms and Conditions of Dismissal*

A district court has discretion in determining whether to impose costs and fees under Rule 41(a)(2). *See Stevedoring Servs. of Am.*, 889 F.2d at 921. A court may not, however, award attorney fees for work which can be used in any future litigation of the plaintiff's claims. *Westlands Water Dist. v. U.S.*, 100 F.3d at 97-98. "Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is

a prerequisite to an order granting voluntary dismissal." *Stevedoring Servs. of Amer.*, 889 F.2d at 921.

The district court may properly deny costs and attorney fees if it justifies its choice by consideration of legitimate factors, such as Plaintiff's realistic chance of prevailing on its theory of liability. *Id.* at 922. Furthermore, a defendant may be awarded fees and costs only for work performed prior to a plaintiff's motion for voluntary dismissal, and then only for work that cannot be used in any future litigation of the same or similar matter. *See Westlands Water Dist.*,100 F.3d at 97-98.

The factors a court generally considers in determining whether to award costs and attorney fees to a defendant after voluntary dismissal without prejudice are: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss. See 8-4 Moore's Federal Practice, Civil § 41.40[10][d][I] (2005). The Ninth Circuit has also indicated, although it has not decided, whether a plaintiff's good faith in bringing and pursing the action to the point of dismissal can be a factor to consider. *See Stevedoring Servs. of Am.*, 889 F.2d at 922.

Plaintiffs contend that voluntary dismissal should not be conditioned upon an award of attorneys' fees or costs. First, relatively limited discovery has been completed to date, and Defendant cannot be said to have incurred significant expense preparing for trial. Most or all of the discovery completed would be useful in a second litigation between the parties or between Plaintiffs and Defendant's daughter, Norma Sanchez. Second, Plaintiffs instituted this action in good faith after acquiring evidence indicating that Defendant's Internet account had been used to commit copyright infringement. Plaintiffs made clear their intent to pursue only the direct infringers. Thus any expense and effort incurred by Defendant was not the result of any unreasonable or bad faith conduct by Plaintiffs.

Defendant asserts that Plaintiffs did not act in good faith because they were aware, and admitted in prior pleadings and motions to this court that they have known since at least

October, 2006, that Defendant Roberto Sanchez was not liable for any direct copyright infringement, but that Plaintiffs refused to dismiss Defendant Roberto Sanchez even after moving to amend the complaint to add a new party to the case whom they had actual knowledge was the apparent direct infringer of their copyrights.

Defendant relies heavily on the first factor, that Defendant cannot benefit from the work done in this case in a second litigation between the parties, as no additional litigation can be brought against Defendant because Plaintiffs have obtained judgment in *Loud v. Norma Sanchez* on identical allegations.  This theory was discussed and discounted above.

Second, Defendant argues that there has been significant effort and expense in preparing this case for trial, including conducting and responding to discovery, attending depositions, briefing and responding to motions filed by Plaintiffs as well as filing his own motions and amended answers and counterclaims.

Third, Defendant asserts that he should not be penalized for vigorously defending himself against a lawsuit filed in November, 2005.  This litigation has progressed headlong toward trial, and he has acted accordingly.

Finally, Defendant argues that Plaintiffs have not been diligent in moving to dismiss Sanchez, and therefore the fourth factor weights in favor of Sanchez.  Plaintiffs acknowledged in their memorandum that they never really intended to bring Sanchez to trial, that they only used the action against Sanchez to get to primary infringers, and that when they filed a motion to amend their complaint to add another party in November, 2006, they should have moved to dismiss Sanchez with prejudice from this case.  Accordingly, Plaintiffs' position that they have moved diligently to dismiss Sanchez from this case is false.

The facts apparent from this case, however, indicate that Plaintiffs acted in good faith, and diligently prosecuted their theory of the case, which remained a viable theory throughout the litigation of this case.  Plaintiffs investigation indicated that Defendant was the owner of the IP address used to connect to the Internet and perform the illegal copying and infringing

activity. Attempts to resolve the matter informally with Defendant were fruitless. Defendant, as was his right, chose to defend the lawsuit and the case proceeded to discovery.

Defendant identified Norma Sanchez as the owner of the computer at issue, and his son and daughter (Norma) as users of the computer. (Motion to Dismiss, Ex. B.) Defendant denied knowing, or, after exercising due diligence to obtain the information, being able to determine who used the screen name "npink@fileshare." (Id.) Defendant denied using the computer himself. (Id., Ex. C., p.14.) Defendant denied that his daughter had a preference for the color pink. (Id., Ex. C, p. 29) Defendant denied recognizing many of the artists or albums or songs listed on the copyrighted songs, but also denied that his children listened to those songs. (Id, p.29) Defendant's wife and son stated that Defendant did use the computer. (Id., Ex. D, p.21, Ex. E, p.22.) Defendant's wife denied that anyone in the family had pink as their favorite color. (Id, p.23.) Norma Sanchez stated that "npink" did not sound familiar to her at all, and that she had never used it as a screen name. (Id., Ex. F., p.38) She also stated that she did not have a favorite color. (Id.)

Plaintiffs' decision to proceed against Norma Sanchez rested on a single reference on her myspace.com website to her love of the color pink and, presumably some speculation based on stereotypical teenage female musical tastes and style preferences. It is a disingenuous argument for Defendant to make, to claim Plaintiffs have known all along that Defendant is not the direct infringer when in fact Defendant, armed with more information than Plaintiffs, is not willing to make the same claim. Defendant is correct in noting that he is not obligated to bring a third party into this litigation; can, in fact, as he did, object to amending the complaint to bring a more culpable party into this litigation. But, then, Defendant cannot cry foul when the evidence of record continues to implicate him as the most liable party. Plaintiffs in this instance and on this evidence were not dilatory in moving to dismiss.

Accordingly, considering the factors above, the Magistrate Judge recommends that the District Court not condition the dismissal recommended above on an award of fees or costs.

B.  <u>Motion to Strike or, in the Alternative, to Dismiss Counterclaims</u>

*1.  Plaintiff's Position*

Plaintiffs move to strike the counterclaims filed by Roberto Sanchez as untimely, asserting that Defendant failed to file the counterclaims prior to notice of Plaintiff's motion to dismiss, and, additionally, because Defendant failed to comply with Rule 15, Federal Rules of Civil Procedure, by failing to seek leave to amend his answer to assert counter claims.

Alternatively, Plaintiffs argue that the counterclaims should be dismissed, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for lack of subject matter jurisdiction and for failure to state a claim for relief.

*2.  Defendant's Position*

Defendant asserts that he filed the counterclaim as soon as he became aware of Plaintiffs' improper actions, and that, after the Magistrate Judge entered an order that the Clerk of Court file the lodged amended complaint, Defendant had no choice but to file an answer.

Defendant further asserts that there are independent grounds for this Court to exercise jurisdiction over the declaratory judgment counterclaim in 28 U.S.C. §§ 2201 and 2202, and under the federal Copyright act. Defendant also asserts that he has pleaded sufficient facts to support his claim of abuse of process.

*3.  Analysis*

This case is squarely controlled by Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides:

> If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's

objection only if the counterclaim can remain pending for independent adjudication.

Fed.R.Civ.P. 41(a)(2)

The Motion to Dismiss indicates it was served upon the Defendant by United States Mail on April 10, 2007. (Doc. No. 33) Defendant's Answer to the First Amended Complaint and Counterclaim was filed with the Court on April 11, 2007.

Accordingly, the Magistrate Judge recommends that, if the District Court accepts the Magistrate Judge's recommendation to dismiss this case, then the District Court strike the counterclaims as untimely.

C.  Motion for Order to Show Cause Why Plaintiffs' Counsel Should Not Be Disciplined for Violating FRAP 36-3

Defendant moves this Court to issue an order for Plaintiffs' counsel to show cause why they should not be disciplined for intentionally violating Rule 36-3, Federal Rules of Appellate Procedure for the Ninth Circuit. Defendant refers this Court to "several unpublished decisions that Plaintiffs wrongfully cite to this Court in support of their motion" in violation of Rule 36-3(a)-(b), Federal Rules of Appellate Procedure for the Ninth Circuit.

Defendant requests that this Court revoke Plaintiffs' counsel Ms. Bauer's "pro hac vice" admission, in addition to other sanctions that this Court deems just.

Counsel responded to the Motion (Doc. No. 57), conceded their error inasmuch as they cited to *Atlantic Richfield Co. v. Ramirez*, 1999 WL 273241 (9th Cir. 1999) (unpublished), argued that their mistake was not made in bad faith, and did not result in prejudice to Defendant, and did not warrant sanctions against Plaintiffs or their counsel

Defendant argues that this Court might decline to impose sanctions in the case of excusable neglect, *see Sorchini v. City of Covina*, 250 F.3d 706 (9th Cir. 2001); or even when an attorney seeks to test the rule's constitutionality, *see Hart v. Massanari*, 266 F.3d 1155 (9th Cir. 2001), but that sanctions are particularly apt in cases of unintentional and therefore

completely avoidable violations, such as the case presently before the Court. *See Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*, 136 F.3d 1241 (9th Cir. 1998)

This Court, however, does not recommend that the District Court issue an order to show cause for sanctions, at this time. As noted by the Defendant, the Ninth Circuit in *Dela Rosa* was "reaching the end of [their] patience" following the submissions of what was referred to as "the most useless collection of papers that members of [that] panel [had] ever seen." *Dela Rosa*, 136 F.3d at 1242. Yet, the Ninth Circuit declined to impose monetary sanctions on the offending attorney.

In contrast, Defendant makes much out of counsels' errors. The Court, however, perceives no pattern of willful misconduct or even negligence on behalf of Plaintiffs' counsel. Furthermore, a review of the cases cited by Defendant leads this Court to conclude that, generally, sanctions have not been imposed for a solitary citation to an unpublished order if it appears that the attorney's violation was not willful.

Accordingly, the Magistrate Judge recommends that the District Court not issue an Order to Show Cause why Plaintiffs' Counsel Should Not Be Disciplined For Violating FRAP 36-3. The Magistrate Judge, in addition, however, does recommend that the District Court notify counsel that further similar offenses, or a pattern thereof may result in the issuance of such order.

## III.     RECOMMENDATION

The Magistrate Judge recommends that the District Court, GRANT Plaintiffs' Motion to Dismiss Without Prejudice (Doc. No. 33), and GRANT Plaintiffs' Motion to Strike or, in the Alternative, to Dismiss Counterclaims (Doc. No. 44) and DENY Defendant's Motion for Order to Show Cause as to Why Plaintiffs' Counsel Should Not Be Disciplined for Violating FRAP 36-3 (Doc. No. 52).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof.

Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 05-0695-TUC-DCB.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 25th day of January, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge