**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Loud Records, LLC, et al., ) | |
| ) | CV-05-695-TUC-DCB |
| Plaintiffs, ) | |
| v. ) | |
| ) | **ORDER** |
| Roberto Sanchez, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On January 25, 2008, Magistrate Judge Bernard P. Velasco issued a Report and Recommendation recommending that this Court grant Plaintiff's Motion to Dismiss without prejudice, grant Plaintiff's Motion to Strike or, in the Alternative, to Dismiss Counterclaims, and deny Defendant's Motion for Order to Show Cause. Pursuant to 28 U.S.C. § 636(b), any party may file written objections within ten (10) days of service of a Report and Recommendation. On February 8, 2008, Defendant filed written objections to Magistrate Judge Velasco's Report and Recommendation. On February 28, 2008, Plaintiffs filed a response to Defendant's objections.[1]

**PROCEDURAL BACKGROUND**

---

[1] Pursuant to Fed.R.Civ.P. 72(b)(2), Plaintiffs had ten days to file a response to Defendants' objections, on or before February 25, 2008. The three-day mailing rule, Fed.R.Civ.P. 6(a), only applies to persons who have been granted permission to file hard copies of documents with the Court. Plaintiffs are required to file documents by CM/ECF, which they did here, but three days after the time lapsed to timely file a response to the objections.

Defendant did not object to the Procedural Background portion of the Magistrate's Report and Recommendation, consequently the Court will rely on this portion of the Report and Recommendation (RR) as complete and accurate[2], as follows:

Plaintiffs filed a Complaint against Defendant Roberto Sanchez on November 17, 2005. Mr. Sanchez filed an Answer to the complaint on January 4, 2006, and the Court issued a Scheduling Order in the case on April 26, 2006. In September 2006, the Court granted a motion, stipulated to by both parties, to extend the deadline to file motions to amend the complaint; Plaintiffs filed such a motion in November, 2006.

On April 9, 2007, the Court signed the order granting Plaintiffs' leave to file the Amended Complaint, adding Plaintiff Norma Sanchez as a Defendant. Due to delays in docketing, the April 9, 2007 Order was not actually docketed until April 11, 2007.  On April 10, 2007, Plaintiffs submitted a "Notice of Withdrawal of Motion for Leave to File Amended Complaint and Extend Deadlines."  In addition, Plaintiffs filed a "Motion to Dismiss Without Prejudice and Memorandum In Support Thereof." Plaintiffs also filed, that same date, a Complaint naming Norma Sanchez as sole Defendant in a case in which Plaintiffs have since obtained a default judgment on a claim of Infringement of Copyrights in the amount of $26,250.00 for damages and $490.00 for costs. (See CV 07-0166-TUC-CKJ-BPV.)

On April 11, 2007, Mr. Sanchez filed an Answer to the First Amended Complaint and Counterclaims asserting two counts: Declaratory Judgment for Non-Infringement, and Prima Facie Tort.  On April 18, 2007, the

---

[2] RR at 1-2.

2

Magistrate Judge held a status conference to discuss the status of the Amended Complaint and pending motions. The Court stipulated to the transfer of the related case (which had been originally assigned to Magistrate Judge Pyle), and ordered that the Court would set a hearing to resolve the outstanding matters after they had been fully briefed.

On May 11, 2007, Defendant Roberto Sanchez filed a Motion to Strike Plaintiffs' "Motion to Dismiss Without Prejudice" as untimely and moot. The motion has been fully briefed and was heard by the Magistrate Judge on September 10, 2007. On May 21, 2007, Plaintiffs filed a Motion to Strike, or in the Alternative, to Dismiss Counterclaims. This motion has also been fully briefed and was heard by Judge Velasco on September 10, 2007. On May 23, 2007, Plaintiffs filed a notice of party dismissal, voluntarily dismissing Norma Sanchez from the action without prejudice. On June 8, 2007, with a corrected electronic entry on June 11, 2007, Defendants filed a Motion for Order to Show Cause as to Why Plaintiffs Counsel Should Not Be Disciplined for Violating FRAP 36-3, Federal Rules of Appellate Procedure for the Ninth Circuit. This motion has also been fully briefed and was heard by Jude Velasco on September 10, 2007. On October 30, 2007, the Magistrate Judge denied Defendant's Motion to Strike Plaintiffs' "Motion to Dismiss Without Prejudice" and granted the parties additional time to complete further briefing of the Motion to Dismiss. On November 19, 2007, Defendant Roberto Sanchez filed a response in Opposition to Plaintiffs' Motion to Dismiss and, on December 7, 2007, Plaintiff submitted a reply.

On January 25, 2008, Judge Velasco issued his Report and Recommendation to this Court. On February 8, 2008, Defendant filed Objections.

**Standard of Review**

The recommended disposition of a magistrate judge on dispositive motions or prisoner petitions to which objection is made is reviewed *de novo*. Rule 72(b), Fed.R.Civ.P.  In the performance of its *de novo* review, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The district court should review the evidence presented to the magistrate "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* It is within the discretion of the district court to hold additional evidentiary hearings if they are deemed necessary or desirable. *Id.* "The point is that the district court is to make its own '*de novo*' determination of facts, whether different from or an adoption of the findings of the magistrate." *Id.*

**OBJECTIONS**

**Objection No. 1**

Defendant argues that the Plaintiff's Motion to Dismiss Without Prejudice should be denied and the case dismissed with prejudice because the statute of limitations has run on Plaintiff's cause of action. Defendant argues that since the statute of limitations has run on Plaintiffs' cause of action, dismissal without prejudice is a futile act. "This Court must dismiss plaintiffs' case with prejudice and award Sanchez his attorney fees and costs as the prevailing party." (Objection at 5.)

This action was dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows a plaintiff, pursuant to an order of the

court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time. The rule provides in pertinent part:

>  (a) Voluntary Dismissal.
>
>                              * * *
>
>  (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed.R.Civ.P. 41(a)(2). Many courts have taken the position that dismissals without prejudice generally should be granted by the district court if no prejudicial effects would result for the opposing party, other than the possibility of future litigation. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Stevedoring Servs. of Amer. v. Armilla Int'l. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). The district court abuses its discretion when "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the facts." *United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir. 1993). "[L]egal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument . . . " *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). "[U]ncertainty because a legal dispute remains unresolved is not legal prejudice." *Id.* Legal prejudice, however, does "not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some

tactical advantage." *Hamilton v. Firestone*, 679 F.2d 143, 145 (9th Cir. 1982). For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense, or when the dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud. *Westlands Water Dist.*, 100 F.3d at 97 (citations omitted).

The Magistrate Judge's Report and Recommendation found that, "Defendant does not oppose the motion to dismiss on the basis that Defendant would be legally prejudiced should the Court grant the motion to dismiss. Under the circumstances apparent to this Court, the Court concludes that Defendant would not be legally prejudiced by the dismissal of this action, and accordingly, recommends that the motion to dismiss be granted." (RR at 7.)

In the Objection, Defendant raises for the first time the issue of the preclusion of additional litigation based on the statute of limitations. This is a defense that may be raised in a dispositive motion if another action is pursued, but this Court will not resolve that issue in this litigation. Defendant is not precluded from raising that defense in future litigation, hence there is no legal prejudice.

**Objection No. 2**

In the alternative, Defendant argues that the Plaintiff's case should be dismissed without prejudice conditioned on paying Sanchez's reasonable attorney fees and costs. The Defendant disputes the

6

Magistrate Judge's application of the four factors to determine whether to award costs and attorney fees to Sanchez.

A district court has discretion in determining whether to impose costs and fees under Rule 41(a)(2). *See Stevedoring Servs. of Am.*, 889 F.2d at 921. The Ninth Circuit utilizes a four factors test when deciding whether to grant a voluntary dismissal: (1) the defendant's effort and expense in preparing for trial, (2) any excessive delay or lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficiencies in the plaintiff's explanation of the need for a dismissal; and (4) the fact that a summary judgment motion has been filed by the defendant. *United States v. Berg*, 190 F.R.D. 539 (E.D.Cal. 1999). In one case, a district court in the Ninth Circuit noted that Rule 41(a)(2) motions required three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538 (N.D.Cal. 2005). The determination made by this Court in this action does not preclude the assessment of costs in any future litigation, Fed.R.Civ.P. 41(d). "Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P.41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." *Stevedoring Servs. of Amer.*, 889 F.2d at 921. The district court may properly deny costs and attorney fees if it justifies its choice by consideration of legitimate factors, such as Plaintiff's realistic chance of prevailing on its theory of liability. *Id.* at 922. Furthermore, a defendant may be awarded fees and costs only

7

for work performed prior to a plaintiff's motion for voluntary dismissal, and then only for work that cannot be used in any future litigation of the same or similar matter. *See Westlands Water Dist.*, 100 F.3d at 97-98.

The Magistrate Judge found that,

> Plaintiffs contend that voluntary dismissal should not be conditioned upon an award of attorneys' fees or costs. First, relatively limited discovery has been completed to date, and Defendant cannot be said to have incurred significant expense preparing for trial. Most or all of the discovery completed would be useful in a second litigation between the parties or between Plaintiffs and Defendant's daughter, Norma Sanchez. Second, Plaintiffs instituted this action in good faith after acquiring evidence indicating that Defendant's Internet account had been used to commit copyright infringement. Plaintiffs made clear their intent to pursue only the direct infringers. Thus any expense and effort incurred by Defendant was not the result of any unreasonable or bad faith conduct by Plaintiffs . . . The facts apparent from this case, however, indicate that Plaintiffs acted in good faith, and diligently prosecuted their theory of the case, which remained a viable theory throughout the litigation of this case. Plaintiffs investigation indicated that Defendant was the owner of the IP address used to connect to the Internet and perform the illegal copying and infringing activity. Attempts to resolve the matter informally with Defendant were fruitless. Defendant, as was his right, chose to defend the lawsuit and the case proceeded to discovery.

(RR at 10-12.)  The Magistrate Judge went on to find that "It is disingenuous argument for Defendant to make, to claim Plaintiffs have known all along that Defendant is not the direct infringer when in fact Defendant, armed with more information than Plaintiffs, is not willing to make the same claim . . . Defendant cannot cry foul when the evidence of record continues to implicate him as the most liable party. Plaintiffs in this instance and on this evidence were not dilatory in moving to dismiss."  (RR at 12.)

The Court finds no error with the Magistrate Judge's thorough and complete analysis of whether or not attorney fees and costs should be

8

awarded here and concurs with the recommendation.

**Objection No. 3**

Finally, Defendant argues that the Plaintiff should be disciplined for violating the Ninth Circuit prohibition against citing to unpublished cases as authority, FRAP 36-3.  Defendant asserts that Plaintiffs' counsel cited to three unpublished opinions in support of their position. Defendant disputes the Magistrate Judge's conclusion that he found no pattern of willful misconduct to warrant discipline.

FRAP 36-3 reads, as follows:

(a) Not Precedent. Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.

(b) Citation of Unpublished Dispositions and Orders Issued on or after January 1, 2007. Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with Fed. R. App. P. 32.1.

(c) Citation of Unpublished Dispositions and Orders Issued before January 1, 2007. Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit, except in the following circumstances.

   (i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.

   (ii) They may be cited to this Court or by any other court in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorneys' fees, or the existence of a related case.

   (iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36-4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.

In the Ninth Circuit, unpublished decisions are not recognized as

1  precedential. Each written disposition by the Ninth Circuit is either an
2  opinion, a memorandum or an order. (FRAP 36-1.) Opinions are published,
3  while memoranda are not. Orders are only published by special order of
4  the court. (FRAP 36-5.) Unpublished dispositions and orders are not
5  precedent *except* when relevant under the law of the case doctrine, res
6  judicata or collateral estoppel. (FRAP 36-3(a).)

7  Unpublished dispositions and orders issued on or after January 1,
8  2007 may be cited in briefs, oral argument, opinions, memoranda or orders
9  for any purpose, so long as copies of that disposition are filed and
10 served in accordance with FRAP 32.1. Unpublished dispositions and orders
11 issued before January 1, 2007 may not be cited except as follows: (a) for
12 res judicata, collateral estoppel or law of the case; they may be cited
13 to the court when relevant to a pending appeal under the doctrines of law
14 of the case, res judicata or collateral estoppel; (b) for factual
15 purposes; they may also be cited "for factual purposes," such as to show
16 double jeopardy, sanctionable conduct, notice, attorney fees entitlement,
17 or the existence of a related case; on the other hand, this rule does not
18 permit citation of a pre-2007 unpublished disposition to provide "notice"
19 to the court of the existence or absence of legal precedent; precedent
20 is not a "fact" for purposes of the exception;  (c) in addition, pre-2007
21 unpublished dispositions may be cited: in petitions for rehearing or
22 rehearing en banc to demonstrate a conflict in circuit law and in a
23 request to publish a disposition or order. *See* CA9CIR CH. 8-C.  FRAP 36-3
24 does not prohibit citing unpublished dispositions of courts other than
25 the Ninth Circuit. *Renick v. Dun & Bradstreet Receivable Management*
26 *Services*, 290 F.3d 1055, 1058 (9th Cir. 2002).

27 The Magistrate Judge found, "no pattern of willful misconduct or

_____
David C. Bury
United States District Judge

even negligence on behalf of Plaintiffs' counsel. Furthermore, a review of the cases cited by Defendant leads this Court to conclude that, generally, sanctions have not been imposed for a solitary citation to an unpublished order if it appears that the attorney's violation was not willful." (RR at 15.)

After a de novo review, this Court will adopt the Magistrate Judge's recommendation not to enter sanctions.

**Accordingly,**

**IT IS ORDERED** by this Court, having performed an independent review of the record, that Magistrate Judge Velasco's Report and Recommendation (Doc. No. 67) is **ADOPTED** in its entirety and without modification. Plaintiffs' Motions to Dismiss (Doc. No. 33) and Strike (Doc. No. 44) are **GRANTED**. Defendant's Motion for Order to Show Cause (Doc. No. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** and this case is closed. A Final Judgment will be entered separately.

DATED this 5th day of March, 2008.